UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

          - v. -

JAMES COLLINS, JR.,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

:   SUPERSEDING INFORMATION
     S1 24 Cr. 440

## COUNT ONE
(Enticement and Coercion)

The United States Attorney charges:

1. In or about July 2023, in the Southern District of New York and elsewhere, JAMES COLLINS, JR., the defendant, knowingly, using facilities and means of interstate and foreign commerce, persuaded, induced, enticed and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, to wit, COLLINS, in communications over the internet, persuaded a 15-year-old boy ("Victim-1") to meet the defendant in Westchester County, New York, for the purpose of engaging in sexual activities in violation of New York Penal Law, including New York Penal Law Section 130.40.

(Title 18, United States Code, Section 2422(b).)

## COUNT TWO
(Enticement and Coercion)

The United States Attorney further charges:

2. In or about July 2023, in the Southern District of New York and elsewhere, JAMES COLLINS, JR., the defendant, knowingly, using facilities and means of interstate and foreign commerce, persuaded, induced, enticed and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, to wit, COLLINS, while in Westchester County, New York, in communications over the internet, persuaded a 17-year-old minor in Illinois ("Victim-2") to engage in sexually explicit activity and send COLLINS videos and photos of such activity.

(Title 18, United States Code, Sections 2422(b) and 2427.)

## FORFEITURE ALLEGATION

3. As a result of committing the offenses alleged in Count One and Count Two of this Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2428 and 2253, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitate the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property: a Blue Samsung Galaxy S9, Model SM-G960U, IMEI: 355028091119737, with black case.

Substitute Assets Provision

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third person;

    c) has been placed beyond the jurisdiction of the Court;

    d) has been substantially diminished in value; or

    e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 2428 and 2253;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*Matthew Podolsky*
~~Edward Kim~~ /cc Matthew Podolsky / USC
———————————
~~EDWARD Y. KIM~~
Acting United States Attorney