USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES COLLINS, JR,

Plaintiff,

-against-

UNITED STATES OF AMERICA,

Defendants.

No. 24-CR-440 & No. 26-CV-6751

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Petitioner, James Collins, Jr. ("Petitioner"), filed the instant 28 U.S.C § 2255 action seeking to vacate his guilty plea, sentence and conviction. [1] (ECF No. 60.) Petitioner additionally seeks appointment of counsel and bail pending the final disposition of his motion on the merits. (*Id.*) The Government opposed the motion. (ECF No. 66.) For the following reasons, Petitioner's motion is denied.

## BACKGROUND

On March 6, 2025, Petitioner, represented by Kerry Lawrence, Esq., pled guilty to two counts charging him with enticement and coercion of a child, in violation of 18 U.S.C. 2422(b). (ECF No. 37, the "Superseding Information.") Specifically, Count I charged that "or about July 2023, in the Southern District of New York and elsewhere, JAMES COLLINS, JR., the [Petitioner], knowingly, using facilities and means of interstate and foreign commerce, persuaded, Induced, enticed and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, to wit, COLLINS, in

[1] Unless otherwise indicated, all citations to the docket refer to the docket in Case No. 24-cv-440.

communications over the internet, persuaded a 15-year-old boy ("Victim-1") to meet the [Petitioner] in Westchester County, New York, for the purpose of engaging in sexual activities in violation of New York Penal Law, including New York Penal Law Section 130.40." (*Id.*) Count II charged that "on or about July 2023, in the Southern District of New York and elsewhere, JAMES COLLINS, JR., the [Petitioner], knowingly, using facilities and means of interstate and foreign commerce, persuaded, induced, enticed and coerced an Individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, to wit, COLLINS, while in Westchester County, New York, in communications over the Internet, persuaded a 17-year-old minor in Illinois ("Victim-2") to engage in sexually explicit activity and send COLLINS videos and photos of such activity." (*Id.*) Petitioner contends that, "[i]n no uncertain terms, counsel advised [Petitioner] that his conduct fell within the ambit of the statute allegedly violated and that there were no objectionable basis to either of the counts. Accepting that information as true, [Petitioner] entered a plea of guilty." (ECF. No. 60 at 2.) Petitioner's plea agreement waived his right to file a direct appeal or a collateral appeal under 28 U.S.C. § 2255. (ECF No. 39 at 22-23.)

On March 12, 2026, the Court sentenced Petitioner to two hundred twenty-eight months on each count, to be served concurrently.[2] (ECF No. 55.) On August 5, 2026, Petitioner filed the instant 28 U.S.C. § 2255 action. (ECF No. 60.) On October 16, 2026, the Government filed a memorandum in opposition. (ECF No. 66.) On October 26, 2026, Petitioner filed a reply. (ECF No. 67.)

---

[2] The sentence imposed is less than the applicable 235 to 293 months prison term as agreed upon in the plea agreement.

## LEGAL STANDARD

### I. Petitions Under 28 U.S.C. § 2255

Section 2255(a) of Title 28 of the United States Code provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under this statute is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." *Graziano v. U.S.*, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (citation and internal quotation marks omitted). "Because collateral challenges are in 'tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack'." *Yick Man Mui v. U.S.*, 614 F.3d 50, 53 (2d Cir. 2010) (citation and internal quotation marks omitted). A live testimonial hearing is required to adjudicate a § 2255 motion only in circumstances not present here. *See Puglisi v. U.S.*, 586 F.3d 209, 213 (2d Cir. 2009) ("[I]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.") (alteration, citations, and internal quotation marks omitted); *Chang v. U.S.*, 250 F.3d 79, 80 (2d Cir. 2001) (district court's review of the papers submitted with respect to the petition constituted a sufficient evidentiary hearing).

## II. Law Governing Ineffective Assistance of Counsel Claims

To prove ineffective assistance, a petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *accord U.S. v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010); *Pham v. U.S.*, 317 F.3d 178, 182 (2d Cir. 2003); *see also Massaro v. U.S.*, 538 U.S. 500, 505 (2003) ("[A] defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial.").

In evaluating the first prong—whether counsel's performance fell below an objective standard of reasonableness—"'[j]udicial scrutiny . . . must be highly deferential,'" and the petitioner must overcome the "'presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Bell v. Cone*, 535 U.S. 685, 698 (2002) (quoting *Strickland*, 466 U.S. at 689) (alteration in original); *see Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (according counsel a presumption that their conduct falls within the wide range of reasonable professional assistance). With respect to the second prong— the prejudice requirement—the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *accord Lynn v. Bliden*, 443 F.3d 238, 247–48 (2d Cir. 2006). The Second Circuit generally "requires some objective evidence other than defendant's assertions to establish prejudice." *Pham*, 317 F.3d at 182 (citing *U.S. v. Gordon*, 156 F.3d 376, 380– 81 (2d Cir. 1998) (per curiam)). Unlike the reasonableness prong, the prejudice determination "may be made with the benefit of hindsight." *Morgan v. U.S.*, 2009 WL 1172849, at *5 (E.D.N.Y. May 1, 2009)

(citing *Lockhart v. Fretwell*, 506 U.S. 364, 371–73 (1993)).

## DISCUSSION

Petitioner argues that his counsel rendered ineffective assistance by (1) failing to move to dismiss the Superseding Indictment for failure to charge a federal offense, (2) advising Petitioner to accept the Government's plea offer even when Petitioner's "conduct [did] not fall within the ambit" of the statute; and (3) failing to consult with Petitioner about filing an appeal. (ECF No. 60 at 3-6.) Petitioner contends that he would not have accepted the Government's plea agreement if he had known of those deficiencies. Petitioner seeks an order vacating his plea, the sentence and the conviction entered on both counts of the Superseding Information. (ECF No. 60 at 2.) Petitioner also seeks appointment of counsel and release on bail pending resolution of the § 2255 motion. (*Id.*) The Court addresses each argument in turn.

### I. Ineffective Assistance Concerning Sufficiency of the Superseding Information

Petitioner contends that counsel was ineffective because the Superseding Information failed to charge a federal offense, because "neither of the two counts described the essential 'sexual activity' that is core to both the charges and the offense as a whole." (ECF No. 60 at 5.) Federal Rule of Criminal Procedure 7(c)(1) requires that the "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Second Circuit has held that to satisfy the pleading requirements of Rule 7(c)(1), an information need "do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *U.S. v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (citing *U.S. v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000).

Here, both counts sufficiently identified the nature of the charges. Count One alleged that Petitioner, through internet communications, persuaded a minor to meet him in Westchester

County, New York, for the purpose of engaging in sexual activity in violation of New York Penal Law § 130.40. Because § 130.40 criminalizes only two specified categories of sexual activity, the Superseding Information's express reference to that provision sufficiently identified the underlying criminal conduct. Count Two alleged that Petitioner, through internet communications, persuaded a minor in Illinois to engage in sexually explicit activity and transmit photographs and videos of that activity. Moreover, Count Two expressly identified the underlying sexual activity as the production and transmission of sexually explicit photographs and videos, thereby providing sufficient specificity as to the conduct charged. Thus, both counts identified the essential elements of the charged offenses and sufficiently described the underlying criminal sexual activity to satisfy Federal Rule of Criminal Procedure 7(c)(1). Accordingly, because the Superseding Information adequately charged violations of § 2422(b), counsel's failure to move for its dismissal did not constitute deficient performance under *Strickland.*

## II. Ineffective Assistance Concerning the Scope of 18 U.S.C. § 2422(b)

Petitioner argues that "[Petitioner's] conduct did not fall within the ambit of the statute allegedly violated" and therefore, counsel was ineffective "for both failing to seek dismissal and for advising him to accept the Government's plea offer and enter a plea of guilty." (ECF No. 60 at 5.) Petitioner was charged with 18 U.S.C. § 2422(b), which prohibits knowingly using a means of interstate or foreign commerce to persuade, induce, entice, or coerce a minor to engage in sexual activity for which any person can be charged with a criminal offense, or attempting to do so. Petitioner contends that he did not "persuade" the victims to engage in the alleged sexual activity because the victims "were predisposed to engaging in the alleged 'sexual activity' and therefore neither required any 'persuasion.'" (*Id.*) Collins argues that he "merely 'asked' the victims" to engage in the illegal sexual activity and "such conduct does not fall within the ambit of 18 U.S.C.

2422(b).” In support of his argument, Petitioner cites *U.S. v. Waqar*, 997 F.3d 481, 485 (2d Cir. 2020). His reliance on *Waqar*, however, is misplaced: in *Waqar*, the Second Circuit held that § 2422(b) does not require a defendant to overcome or transform a minor’s will to engage in sexual activity. *Id.* at 485–87. Thus, whether Petitioner’s victims were “predisposed” to engage in sexual activity with Petitioner, as Petitioner contends, is irrelevant.

Because Petitioner’s conduct fell clearly within the “ambit of the statute allegedly violated,” his counsel cannot be deemed ineffective for failing to seek dismissal of the charges or for advising him to accept the Government’s plea offer. *See Aparicio v. Artuz*, 269 F.3d 78, 100 (2d Cir. 2001) (“Petitioner’s appellate counsel was not ineffective for failing to raise [a] meritless argument.”).

### III. Ineffective Assistance Concerning Appeal

Petitioner argues that “counsel did nothing to ensure that [Petitioner] was informed of how to take an appeal, and counsel did not consult with [Petitioner] regarding taking an appeal.” (ECF No. 60 at 6.) Counsel has a constitutionally imposed duty to consult when there is reason to think that either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). In determining whether counsel has a duty to consult, “courts must take into account all the information counsel knew or should have known.” *Id.* The Supreme Court has identified a number of factors that are relevant to determining whether a duty to consult existed, including: (1) whether conviction follows a trial or a guilty plea, “both because [a plea] reduces the scope of potentially appealable issues, and because [it] may indicate that the defendant seeks to end [the case];” (2) whether the defendant received the sentence bargained for as part of the plea; (3) whether the plea agreement included a waiver-of-appeal provision; and (4) whether

counsel believes that there are nonfrivolous grounds for appealing defendant's conviction. *Id.* at 479–80.

Here, counsel did not have a constitutional duty to consult with Petitioner about his appeal rights. Petitioner does not claim that he ever indicated to counsel that he wanted to appeal his sentence. Petitioner pled guilty and made a detailed statement at his plea hearing in which he admitted guilt and specified how he committed the crimes. (ECF No. 39 at 31-33.) In addition, the plea agreement included a waiver-of-appeal provision. (*Id.* at 22-23.) Petitioner stated at the plea allocution hearing that he "agreed that [he] will not file a direct appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255, or any other provision." (*Id.*) Under these circumstances, it was reasonable for counsel to conclude that there were no nonfrivolous grounds for appeal; a rational defendant would not want to appeal his sentence; and Petitioner did not wish to appeal. Therefore, counsel's failure to consult with Petitioner about appealing does not render counsel's assistance ineffective.[3]

## CONCLUSION

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C § 2255 seeking to vacate his guilty plea, sentence and conviction is DENIED. Accordingly, Petitioner's motion for appointment of counsel and motion for bail pending the final disposition of the § 2255 action are denied as MOOT. The Clerk of Court is kindly directed to terminate the motion at ECF 60 in 23-cr-440 and to terminate the 26-cv-06751 action. The Clerk of the Court is further directed to mail

[3] At time of sentencing, the Court informed Petitioner of his right to appeal. Specifically, Petitioner was advised as follows: "Mr. Collins, you have the right to appeal your sentence. Any notice of appeal must be filed within 14 days after the entry of judgment, so if you wish to appeal you must advise your attorney to prepare and file a notice of appeal immediately. If you are unable to pay the cost of an appeal, you have the right to apply for leave to appeal in forma pauperis, meaning as a poor person. If you make such a request, the clerk of the court must immediately prepare and file a notice of appeal on your behalf. Do you understand your right to appeal to the extent that it may exist?" In response, Petitioner acknowledged his right to appeal.

a copy of this Opinion & Order to Petitioner at the address listed on ECF and to show proof on the docket.

Dated: October 28, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge