USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES COLLINS,<br><br>Petitioner,<br><br>–against–<br><br>USA,<br><br>Respondent. | 26-cv-6751 (NSR)<br><br>24-cr-440 (NSR)<br><br>**ORDER** |

NELSON S. ROMÁN, United States District Judge:

**BACKGROUND**[1]

On October 28, 2026, the Court issued an Opinion & Order denying Petitioner James Collins's motion pursuant to 28 U.S.C. § 2255 to vacate his guilty plea, sentence, and conviction on the ground that he received ineffective assistance of counsel. (ECF No. 68.) The Court concluded that Petitioner failed to establish deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, the Court found that counsel's performance was not objectively unreasonable where counsel did not move to dismiss the Superseding Indictment, and did not advise Petitioner of his appeal rights. (ECF No. 68.) Petitioner now seeks a certificate of appealability. (ECF No. 69.)

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2253(c)(1)(B), a petitioner may not appeal the denial of a § 2255 motion unless a certificate of appealability is issued. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

[1] All citations to the docket refer to the docket in Case No. 24-cr-440.

2253(c)(2). Where, as here, the Court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the Court's assessment of those claims debatable or wrong. *Slack* v. *McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El* v. *Cockrell*, 537 U.S. 322, 338 (2003).

## DISCUSSION

Petitioner has not made the requisite showing. Reasonable jurists would not find debatable the Court's conclusion that Petitioner failed to satisfy *Strickland*'s deficient performance prong. The record reflected that counsel appropriately did not move to dismiss the Superseding Indictment because both counts identified the essential elements of the charged offenses and sufficiently described the underlying criminal sexual activity. (ECF No. 68 at 5-6.) The record further reflected that counsel appropriately did not move to dismiss the Superseding Indictment because Petitioner's conduct fell squarely within the ambit of the statute allegedly violated. (*Id.* at 6-7.) Lastly, the record shows that counsel did not have a constitutional duty to consult with Petitioner about his appeal rights because Petitioner never indicated to counsel that he wanted to appeal, the plea agreement included a waiver-of-appeal provision and Petitioner stated at the plea allocution hearing that he would not appeal the conviction. (*Id.* at 7-8.) Therefore, reasonable jurists would not debate the Court's denial of Petitioner's § 2255 motion.

## CONCLUSION

Accordingly, the Court declines to issue a certificate of appealability. The Clerk of the Court is further directed to mail a copy of this Opinion & Order to Petitioner at the address listed on ECF and to show proof of service on the docket.

SO ORDERED.

Dated: November 20, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge